IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CLINTON D. MIMS,**

   **Petitioner,**

 v.            **CIVIL ACTION NO. 5:05cv145**
                **(Judge Stamp)**

**KEVIN J. WENDT, Warden,**

   **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 6, 2005, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner, an inmate at the Gilmore Federal Correctional Institute[1], is challenging the validity of his conviction and sentence from the United States District Court for the District of Columbia. On May 4, 2006, an order was entered directing the respondent to show cause why the petition should not be granted. On June 2, 2006, the respondent filed his response to the order to show cause. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. PROCEDURAL HISTORY

On December 1, 1997, the petitioner entered a guilty plea to the charge of unlawful possession of a firearm by a convicted felon. On February 10, 1998, the United States District Court for the

---

[1]Since the filing of this petitioner, Mr. Mims has been transferred to the Federal Correctional Institution located at Butler, North Carolina. However, this court retains jurisdiction over the petition.

1

District of Columbia sentenced him to a term of 188 months with five years supervised release and a $100 special assessment. The petitioner did not appeal his sentence. On January 12, 1999, he filed a Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On August 13, 1999, the district court denied the motion. On October 13, 1999, the petitioner filed a notice of appeal. On October 25, 1999, the district judge granted petitioner's motion for certificate of appealability. On May 8, 2000, the U.S. Court of Appeals for the D.C. Circuit affirmed the district court's order denying the § 2255 motion. On June 21, 2001, the petitioner filed a motion for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255. On August 28, 2001, the Court of Appeals denied the motion. On November 28, 2003, the petitioner filed a motion to vacate the district court's judgment and commitment order for lack of subject matter jurisdiction pursuant to Rule 60(b)(4) of the Federal Rules of Criminal Procedure. The motion was denied on February 12, 2004. On March 1, 2004, the petitioner appealed, and on September 24, 2004, the U.S. Court of Appeals for the D.C. Circuit affirmed the district court's order. On February 7, 2005, the petitioner filed a motion pursuant to 28 U.S.C. § 3582(c) seeking to modify an unlawfully imposed sentence. This motion was withdrawn on or about May 16, 2005. (See Criminal Docket for case # 1:97cr82-PLF-1).

Petitioner thereafter filed his instant petition pursuant to 28 U.S.C. § 2241 in which he alleges that the United States District Court for the District of Columbia lacked subject matter jurisdiction to handle his case because his case was improperly transferred from the District of Columbia Superior Court. In addition, the petitioner alleges that he was improperly sentenced because vital information was missing from the files of the court.

### III. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the

imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his "void" sentence. Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's §2241 petition which demonstrates that he meets the Jones requirements. The petitioner was convicted of violating 18 U.S.C. § 922(g)(1), unlawful possession of a firearm by a convicted felon. Such action remains a criminal offense. Consequently, the petitioner has not demonstrated that §2255 is an adequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Dckt. 1) be **DENIED and DISMISSED WITH PREJUDICE**. In addition, the undersigned recommends that the petitioner's Motion For Leave to File Citation of Supplemental Authorities (Dckt. 10) be **DENIED** as mot.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative

Procedures for Electronic Filing in the United States District Court.


DATED: August 17, 2007

                                               /s/ James E. Seibert
                                               JAMES E. SEIBERT
                                               UNITED STATES MAGISTRATE JUDGE