IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLINTON D. MIMS,

       Petitioner,

v.                                Civil Action No. 5:05CV145
                                        (STAMP)
KEVIN J. WENDT, Warden

       Respondent.


## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Background

On September 2, 2005, Clinton D. Mims, proceeding pro se,[1] filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The petitioner challenges the validity of his conviction and the sentence imposed by the United States District Court for the District of Columbia. Specifically, the petitioner alleges that the sentencing court lacked subject matter jurisdiction over his case because his case was improperly transferred from the District of Columbia Superior Court. He also alleges that his sentence was improper because vital information was missing from the files of the sentencing court.

Pursuant to Local Rule of Prisoner Litigation Procedure 83.09, this matter was referred to Magistrate Judge James E. Seibert for

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

report and recommended disposition. By order dated May 4, 2006, the magistrate judge directed the warden, as respondent, to show cause why the petition should not be granted. The warden filed a response on June 2, 2006. On August 14, 2007, the petitioner filed a motion for leave to file citation of supplemental authorities.

On August 17, 2007, the magistrate judge entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice because the petitioner had failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy and that, therefore, the petitioner's § 2241 petition was improperly filed. The magistrate judge further recommended that the petitioner's motion for leave to file supplemental authorities be denied as moot. In his report and recommendation, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. No objections were filed.

## II. Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the

recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed no objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. <u>In re Vial</u>, 115 F.3d at 1194 n.5 (citing <u>Tripati v. Henman,</u> 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by <u>Jones</u>. The petitioner pled guilty to the

charge of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced on February 10, 1998 in the United States District Court for the District of Columbia to 188 months of imprisonment with five months of supervised release. The petitioner did not appeal. On January 12, 1999, the petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court denied the petitioner's motion, and on appeal, the United States Court of Appeals for the District of Columbia Circuit upheld the district court's ruling. The petitioner then filed a motion for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255. The Court of Appeals for the D.C. Circuit denied that motion on August 28, 2001.[2] Now, the petitioner seeks to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2241.

Between the time the petitioner filed his first § 2255 motion and the time he filed the § 2241 petition pending before this Court, the substantive law governing unlawful possession of a firearm by a convicted felon did not change in such a way as to

_____

[2]The petitioner has also sought to have his sentence vacated pursuant to Rule 60(b)(4) of the Federal Rules of Criminal Procedure and pursuant to 28 U.S.C. § 3582(c). On November 28, 2003, the petitioner filed a motion pursuant to Rule 60(b)(4) of the Federal Rules of Criminal Procedure seeking to vacate the district court's judgment and commitment order for lack of subject matter jurisdiction. After the district court denied that motion, the Court of Appeals for the D.C. Circuit affirmed the district court on September 24, 2004. The petitioner subsequently filed--then withdrew--a motion filed pursuant to 28 U.S.C. § 3582(c) to modify an unlawfully imposed sentence.

decriminalize the conduct for which the petitioner was convicted. Therefore, the petitioner does not establish that § 2255 provides an inadequate or ineffective remedy, and his § 2241 petition is improperly filed. Accordingly, because the petitioner has failed to demonstrate a right to proceed under § 2241, the petitioner's § 2241 petition must be denied.

### III. <u>Conclusion</u>

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, petitioner's motion for re-sentencing pursuant to 28 U.S.C. § 2241 is DENIED, and the petitioner's motion for leave to file citation of supplemental authorities is DENIED as moot. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

5

DATED:      February 7, 2008


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE